UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Wanda O. Rech, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Wal-Mart Stores East, L.P., )<br>)<br>Defendants. )<br>) | Civil Action No. 8:19-cv-2514-BHH<br><br>**ORDER AND OPINION** |

This matter is before the Court upon Defendant Wal-Mart Stores East, L.P.'s ("Defendant") motion to confirm confidential designation of documents. (ECF No. 23.) Plaintiff Wanda O. Rech ("Plaintiff") has responded. (ECF No. 25.) Defendant has replied. (ECF No. 27.) This matter is now ripe for adjudication. For the following reasons, Defendant's motion (ECF No. 23) is granted.

**BACKGROUND**

This matter arises from a slip and fall incident at the Wal-Mart in Seneca, South Carolina, that occurred on November 19, 2016. Plaintiff alleges that she slipped and fell on what she believes to have been cooking oil on the floor. On December 2, 2019, Plaintiff served Defendant with interrogatories, requests for production, and requests to admit. On January 2, 2020, Defendant answered Plaintiff's interrogatories, requests for production, and requests to admit. Defendant produced documents bates stamped 2-17. In response to numerous requests for production, Defendant stated that it would produce documents once a confidentiality order was entered in the case. The Court entered a consent Confidentiality Order (ECF No. 15) on February 25, 2020, allowing the parties to designate documents as confidential. Defendant subsequently produced

1

documents bates stamped 18 to 264, all of which were designated as confidential by Defendant pursuant to the Confidentiality Order. By letter of April 8, 2020, Plaintiff challenged the designation of these documents as confidential. Subsequently, via a series of written exchanges between counsel, Defendant agreed that various materials produced to date could be undesignated as confidential and produced without the protections of the Confidentiality Order. Nevertheless, in light of Plaintiff's continued objection that all materials should be undesignated, Defendant filed the instant motion seeking to confirm the confidential designation of materials listed in Exhibit A (ECF No. 23-1) to the motion ("Subject Documents"), which materials have been submitted to the Court for *in camera* review.

## DISCUSSION

Defendant seeks an order confirming its prior designation of the Subject Documents as confidential. The documents at issue fall into three general categories: (1) training materials; (2) meeting notes and agendas; and (3) operating guidelines. The majority of the Subject Documents are training materials which deal with the duties of employees, and how to perform those duties properly. Defendant contends that the Subject Documents are confidential, are not ordinarily available to the public, and would not be disclosed absent the filing of this lawsuit. (*See* ECF No. 23.) Plaintiff objects to the designation of the Subject Documents as confidential, arguing that they are not trade secrets or proprietary commercial information deserving of protection under Federal Rule of Civil Procedure 26(c). (*See* ECF No. 25.)

Paragraph 3 of the Confidentiality Order states, "Any party may designate documents as confidential . . . [that] contain information protected from disclosure by

2

statute, sensitive personal information, trade secrets, or confidential research, development, or commercial information." (ECF No. 15 ¶ 3.) However, "Information or documents which are available in the public sector may not be designated as confidential." (*Id.*) Similarly, Federal Rule of Civil Procedure 26 permits a court to enter a protective order to, *inter alia*, protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G).

Paragraph 8 of the Confidentiality Order sets forth the procedures for challenging a confidential designation. Although the "burden of proving the necessity of a Confidential designation remains with the party asserting confidentiality," the party challenging the certification must provide the "specific basis for the challenge." (ECF No. 15 ¶ 8.)

> The district court has discretion to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S. Ct. 2199, 2209, 81 L.Ed.2d 17 (1984). Good cause is the only statutory requirement for determining whether or not to issue a protective order. *Id.* at 37, 104 S. Ct. at 2209–10. Good cause "is difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir. 1987). In deciding whether good cause exists, the district court must balance the interests involved: the harm to the party seeking the protective order and the importance of disclosure to the public. *See Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 787–89 (3d Cir. 1994); *General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir. 1973); *In re Alexander Grant & Co. Litig.,* 820 F.2d 352, 356 (11th Cir. 1987). Some factors to consider in making this determination are privacy interests, whether the information is important to public health and safety and whether the party benefiting from the confidentiality of the protective order is a public official. *Pansy,* 23 F.3d at 787–88. This list is not exhaustive and the court must consider the facts and circumstances of each case in making the good cause determination. *Id.* at 789.

*Wiggins v. Burge*, 173 F.R.D. 226, 229 (N.D. Ill. 1997). "There is limited authority on the designation of documents as 'CONFIDENTIAL' under an umbrella protective order"

such as the Confidentiality Order in the instant case. *Massey Coal Servs., Inc. v. Victaulic Co. of Am.*, 249 F.R.D. 477, 481 (S.D.W. Va. 2008). Confidential commercial information has been defined as "important proprietary information that provides the business entity with a financial or competitive advantage when it is kept secret, and results in financial or competitive harm when it is released to the public." *United Prop. & Cas. Ins. v. Couture*, 2020 WL 2319086, at *7 (D.S.C. May 11, 2020) (citation and quotation marks omitted). Although there are varied conceptions as to what constitutes confidential commercial information:

> [a]ll [confidentiality] orders are intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings. Also, protective orders . . . are often used by courts as a means to aid the progression of litigation and facilitate settlements. Protective orders and orders of confidentiality are functionally similar, and require similar balancing between public and private concerns.

*Massey*, 249 F.R.D. at 481 (quoting *Pansy*, 23 F.3d at 786) (some modifications in original).

On balance, the Court finds that Defendant has demonstrated good cause to uphold the confidential designation of the Subject Documents. Defendant has shown that Wal-Mart considers the Subject Documents to be confidential commercial information and materials that are not available to the public sector, and treats Subject Documents accordingly. Specifically, the majority of the Subject Documents are employee training materials and/or records of confidential meetings held by its employees. Defendant has articulated the potential competitive harm that Wal-Mart could suffer if competitor retail chains were permitted to duplicate at no cost portions of its proprietary employee training program, which Wal-Mart expended significant funds to

develop. To the extent that the documents relate to the setup and operation of Wal-Mart's closed-circuit television system, Defendant argues that public disclosure could hinder Wal-Mart's efforts at deterring theft. Finally, Defendant contends that Wal-Mart could suffer economic harm if the general public viewed the Subject Documents and subsequently used them to seek situations in Wal-Mart stores for which they could bring suit. With the exception of this final contention—which is too vague and speculative to merit consideration—the Court finds that Defendant's articulation of the commercial value of the Subject Documents and the potential competitive harm that could follow from their public disclosure satisfies the threshold for a *prima facie* showing that the Subject Documents should retain their confidential designation. As to the balance of interests, it is worth noting that Defendant—the party that stands to benefit from the confidential designation—is not a public official or public entity, which factor lends less credence to the need for or entitlement to public scrutiny of Wal-Mart's policies, procedures, and records relevant to the instant case.

In contrast, Plaintiff has not articulated *any* need for the confidential designation to be removed from the Subject Documents, whether to serve the interest of Plaintiff or the public at large. None of the information contained in the Subject Documents is "important to public health and safety." *Cf. Massey*, 249 F.R.D. 477 (declining to uphold the confidential designation of documents that plaintiffs alleged demonstrated the presence of plasticizer in pipes carrying water for human consumption and that plaintiffs wanted to disclose to the public service authority, but finding no need to address the public health and safety issues because defendants had not satisfied the threshold inquiry to show the documents were entitled to confidential designation in the first

instance). While this case is important to the parties, the Subject Documents do not involve issues important to the public at large or important to public health and safety. Indeed, Plaintiff has not even made argument as to how or why these issues might be relevant to public health and safety. Moreover, Plaintiff has access to the Subject Documents to use freely in this litigation because Defendant already produced them in discovery. Thus, in the absence of any articulated interest to the contrary, the Court finds that the balance of interests remains in Defendant's favor.

As an additional aspect of this analysis, the Court considers how discovery has progressed through this litigation in light of the Confidentiality Order. Wal-Mart has relied upon the protections provided by the Confidentiality Order in making its production of 264 pages of documents, video, and corporate records that it considers confidential for Plaintiff's use in the instant matter. Removing the confidential designation for the Subject Documents, absent any substantial need, could chill further discovery cooperation in this case. *See Cook Group, Inc. v. C.R. Bard, Inc.*, 149 F.3d 249, 252 (4th Cir. 1998) ("The Court also recognizes that the parties in the instant action have engaged in (and continue to engage) in extensive discovery efforts, and this exchange of information would not have occurred (and would in all likelihood come to a standstill) but for the 'existence and sanctity' of the Protective Order.").

Accordingly, considering all relevant factors and balancing the parties' respective interests along with the public's general interest in open judicial proceedings, the Court finds it appropriate to defer to Defendant's right, as a corporation, to keep its proprietary information confidential in this case. Plaintiff has failed to articulate any reason as to how maintaining confidentiality will hinder the presentation of her case, and the Court

finds that it will not.

## CONCLUSION

For the foregoing reasons, Defendant's motion to confirm the confidential designation of the Subject Documents (ECF No. 23) is GRANTED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

June 18, 2020
Greenville, South Carolina